UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOAN NOEL, and JOAN NOEL as personal representative of the estate of GLENNON NOEL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:08CV00817 FRB ) |
| LACLEDE GAS COMPANY, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Pending before this Court is defendant Great West Life and Annuity Insurance Company's ("Great West") Motion to Dismiss Counts VIII and IX of plaintiffs' Petition (Docket No. 10/filed June 17, 2008.) All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.  Background**

Accepting as true the allegations in plaintiffs' Petition, the facts relevant to this case are as follows. Plaintiffs' late husband, Glennon Noel, was employed by Laclede Gas Company ("Laclede") from approximately 1986 to April 10, 2006, and was a participant in an employee welfare benefit plan ("Plan") comprising life insurance coverage with a death benefit of $60,000.00. This life insurance policy (also "policy") is the only benefit of the Plan at issue in this case. Plaintiffs were

beneficiaries of the policy, and Laclede was the Plan Administrator. Great West provided administrative services for the Plan pursuant to an Administrative Services Contract with Laclede, and issued the life insurance policy on Glennon Noel which is the subject of the present litigation. The parties do not dispute that the Plan was an "employee benefit plan" subject to the rules and regulations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Indeed, the Plan at issue, as a plan established by the employer to provide participants benefits in the event of death, is an "employee welfare benefit plan" governed by ERISA.[1]

In their Petition, plaintiffs assert claims in two counts against Great West. In Count VIII, plaintiffs allege that Great West violated Mo. Rev. Stat. § 376.699 by failing to provide notice to Glennon Noel of his right to have an individual policy of insurance issued to him as set forth in that statute. In Count IX, plaintiffs allege that Great West is liable for breach of contract because it failed to advise him, following his termination from Laclede's employ, that he had the right to convert his Plan life insurance policy to an individual policy.

In its Motion to Dismiss, Great West argues that Counts VIII and IX should be dismissed because they are preempted by

---

[1] The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was . . . established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . ." 29 U.S.C. § 1002(1).

ERISA.  On March 12, 2009, this Court entered an Order granting plaintiffs' Motion for Extension of Time to respond to Great West's Motion to Dismiss, and gave plaintiffs until March 23, 2009 to respond to Great West's Motion to Dismiss.  (Docket No. 25.)  To date, plaintiffs have filed no response to Great West's Motion to Dismiss.

**II. Legal Analysis**

In evaluating a Petition in the context of a motion to dismiss, the court examines whether it contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 1974 (2007) (overruling the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Under Bell Atlantic, it is understood that complainants are obliged to provide the grounds of their entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  While a plaintiff is not required to provide specific facts in support of their allegations, they must include sufficient factual information to provide the grounds on which his or her claim rests, and to raise a right to relief "above the speculative level."  Id. at 1965.  Finally, while Bell Atlantic may have abrogated the "no set of facts" language, it did not change the requirement that "when ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

With this standard in mind, the undersigned now considers Great West's motion to dismiss Counts VIII and IX of plaintiffs' Petition.

As Great West correctly asserts, and as plaintiffs do not challenge, because both of plaintiffs' state law claims relate to the employee benefit plan at issue herein, they are preempted by ERISA. Shaw v. Delta Airlines, Inc., 463 U.S. 85, 98-99 (1983); see also Estes v. Fed. Express Corp., 417 F.3d 870, 872 (8th Cir. 2005). However, even though ERISA preempts plaintiffs' state law claims against Great West, this Court is required to decide whether plaintiffs' allegations state a claim for relief under ERISA. Slice v. Norway, 978 F.2d 1045, 1047 (8th Cir. 1992).

ERISA allows participants and beneficiaries to sue for breaches of fiduciary duty, and provides that a fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries; and . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use . . . ." 29 U.S.C. § 1104(a)(1)(A)-(B). Section 1002(21)(A) of Title 29 provides that one is a fiduciary with respect to a Plan

> . . . to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with

> respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C.A. § 1002(21)(A).

ERISA's concept of "fiduciary" is broad, and includes not only those named as fiduciaries, but can also encompass entities with practical control over Plan assets. IT Corp. v. General American Life Insurance Co., 107 F.3d 1415 (9th Cir. 1997); see also In re ADC Telecommunications, Inc., ERISA Litigation, 2004 WL 1683144, 4 (D. Minn. 2004)(citing In re Enron Corp. Securities, Derivative & ERISA Litigation, 284 F.Supp.2d 511, 543 (S.D. Tex. 2003) (an entity is deemed an ERISA fiduciary either by express designation in the Plan, or due to its control or authority over plan or asset management.))

Examination of plaintiffs' allegations in Counts VIII and IX reveal that they state a plausible claim under ERISA for breach of fiduciary duty. Plaintiffs' Petition alleges that Great West issued the life insurance policy on Glennon Noel which comprised the ERISA-governed Plan at issue herein. Construing this allegation in plaintiffs' favor, it arguably asserts that Great West may be a Plan fiduciary. Furthermore, inasmuch as plaintiffs' allegations can be construed as alleging that Great West failed to discharge its duties solely in the interest of Glennon Noel and plaintiffs for the exclusive purpose of providing benefits to them,

such allegations state a plausible claim that Great West's behavior implicated the fiduciary relationship that Congress intended ERISA to govern. Powell v. Bob Downes Chrysler-Plymouth, Inc., 763 F.Supp. 1023, 1027 (E.D. Mo. 1991) (claim of negligent misrepresentation construed as claim of breach of fiduciary duty arising under ERISA); Board of Trustees v. Continental Assur. Co., 690 F.Supp. 792, 795 (W.D. Ark. 1988) (allegations underlying breach-of-contract, breach of fiduciary duty, and negligence claims state claim under ERISA for breach of fiduciary duty).

Therefore, this Court finds that plaintiffs' claims in Counts VIII and IX are preempted by ERISA, but declines to dismiss the allegations therein, inasmuch as they appear to state a claim under ERISA that is plausible on its face. See Bell Atlantic Corp., 550 U.S. 544, 127 S.Ct. at 1964-65.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Great West's Motion to Dismiss is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Counts VIII and IX are preempted by ERISA, but the allegations therein are not subject to dismissal.

*[signature: Frederick R. Buckles]*

Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of March, 2009.